IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**RONALD CONN,** on behalf of
himself and those similarly situated,

    Plaintiff,

vs.    CASE NO. 09-CV-14284-GRAHAM/LYNCH

**TOLL BROS., INC.,** a
Pennsylvania corporation,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Ronald Conn ("Conn"), Christopher Carr ("Carr"), Bruce Bockholt ("Bockholt"), Babtunde Adeshina ('Adeshina"), and Gary Le Tourneau ("Le Tourneau") and Toll Bros., Inc. ("Toll Bros.") mutually desire to enter into this Settlement Agreement and General Release (the "Agreement").

**WHEREAS,** Conn has pending in the Southern District of Florida, the case of *Ronald Conn v. Toll Bros., Inc.*, Case No. :09-CV-14284-GRAHAM/LYNCH (the "Action");

**WHEREAS,** Carr, Bockholt, Adeshina and LeTourneau have filed consents to join as plaintiffs in the Action.

**WHEREAS,** Conn, Carr, Bockholt, Adeshina, and Le Tourneau (collectively, the "Plaintiffs") have or may have other claims, causes of actions, rights, charges, grievances, demands of suits in law or equity against Toll Bros., or its parent companies, subsidiaries, affiliated or related entities;

**WHEREAS,** Toll has denied any and all liability for any claims or causes of actions which the Plaintiffs' may have or claim; and

WHEREAS, now the Parties desire to resolve the Action on mutually agreeable terms and avoid further litigation relating to the Plaintiffs' employment with Toll.

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

### COVENANTS

1. **Settlement Proceeds.** In consideration for Plaintiffs' execution of this Agreement and compliance with the promises made herein, Toll will pay to Plaintiffs the total sum of Fifty Thousand Dollars and No Cents ($50,000.00) in full settlement of all damages, attorneys' fees, costs and interest sought in the Action. Such payment shall be paid as follows:

    (a) The issuance of a checks for back wages, totaling Twenty Thousand Dollars and No Cents ($20,000.00), made payable to the Plaintiffs in such individual amounts as the Plaintiffs shall specify, from which usual and customary withholdings and deductions will be subtracted, and a form W-2 shall be issued to each of the Plaintiffs for such individual amounts;

    (b) The issuance of a check for attorneys' fees, costs, and expenses in the amount of Thirty Thousand Dollars and No Cents ($30,000.00), made payable to the Trust Account of Morgan & Morgan, P.A. (the "Law Firm"), EIN number: 59 292 0684. A Form 1099 shall be issued to Morgan & Morgan, P.A., for such monies.

    (c) Toll will mail the settlement checks described in Paragraph Nos. 1 (a) and (b) above to Plaintiffs' counsel, Carlos Leach, within ten (10) business days after Plaintiffs execute and deliver this Agreement to Toll's counsel.

    (d) Toll shall be deemed to have complied with the terms of this paragraph upon delivery of the aforementioned settlement checks to the Plaintiffs' counsel. Neither: (i) a failure by Plaintiffs and their counsel to reach a satisfactory arrangement regarding the settlement proceeds;

nor (ii) the Court's failure to approve the amount of fees and costs to be paid to Plaintiffs' counsel, shall affect the validity of enforceability of this Agreement.

2. **Disbursement of Settlement Proceeds.** The Law Firm shall hold all payments in trust and shall not disburse any of such settlement proceeds unless and until ten (10) days after the latter of the following conditions has been met:

(i) All Plaintiffs have signed and delivered an executed original of this Agreement to Toll's counsel; and

(ii) the dismissal with prejudice of the Action.

If either of the conditions set forth in subparagraphs (i) and (ii) above are not met or satisfied, then Toll shall have the option of declaring this Agreement null and void and, in that instance, the Law Firm shall return all settlement proceeds to Toll counsel within five (5) business days of such counsel's written demand for such return, and the parties shall be restored to the *status quo ante*.

3. **Each Party To Bear Own Costs and Fees.** Each party hereto shall bear his or its own costs, litigation expenses, expert witness fees, and attorneys' fees, no matter how accruing, arising from or relating to this matter.

4. **Dismissal of Action**. The Plaintiffs agree to the dismissal with prejudice of the Action and otherwise agrees to do anything necessary to effect such dismissal. If, for any reason, the Action is not dismissed with prejudice, this Agreement shall be null and void and the parties shall be returned to the *status quo ante*.

5. **No Refiling**. The Plaintiffs will not refile the Action and will not file any additional lawsuits, claims, actions (whether or not included in the allegations in the Action) or charges against Toll based upon or related to any events occurring prior to their execution of this Agreement, whether alleged in the Action or not, and whether resulting in damages prior to the execution of the

Agreement or not. The Plaintiffs shall not seek or be entitled to any personal recovery in any action or proceeding that may be commenced on his behalf in any way arising out of, or relating to, any of the matters released under this Agreement.

6. **General Release**. The Plaintiffs hereby release and discharge Toll, its past, present and/or future parent companies, subsidiaries, affiliated and related entities, and predecessors and successors in interest, as well as all past, present and/or future directors, officers, partners, managers, employees, fiduciaries, agents, representatives and assigns of all of the foregoing persons or entities (the "Released Parties") from any and all actions, liabilities, charges, claims, demands, causes of action, lawsuits, and claims for equitable relief, costs, expenses or attorneys' fees, expert witness fees, interest and penalties of any kind and every nature whatsoever, known or unknown, which the Plaintiffs have or may have against the Released Parties from the beginning of time to the date when each of the Plaintiffs signs this Agreement. This general release includes, but is not limited to, any claims for wages, bonuses, severance pay, vacation pay, any tort claims, any common law claims, any claims for alleged violation of the Fair Labor Standards Act ("FLSA"), Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Civil Rights Act of 1866 (42 U.S.C. §§1981, 1981A, 1983, 1985, 1986 and 1988), the Age Discrimination in Employment Act, the Americans with Disabilities Act ("ADA"), the Florida Civil Rights Act ("FCRA"), the National Labor Relations Act ("NLRA"), the Family and Medical Leave Act ("FMLA"), the Employee Retirement Income Security Act of 1974 (except for benefits not affected by this Agreement), the Florida Whistle Blower Protection Act of 1991, § 448.101 et seq., FLA. STAT., any collective bargaining agreements, any provision of Chapters 440, 443, and 447, FLA. STAT., and any other federal, state or local law, statute, regulation, ordinance or common law theory.

7. **Taxes**.  The Plaintiffs acknowledge that the Released Parties have made no representations to them concerning taxability, if any, of the settlement payment provided for herein. In the event the Internal Revenue Service, or any other taxing authority, asserts that any consideration given to the Plaintiffs is subject to additional income tax withholding or employment taxes, the Plaintiffs agree to indemnify, defend and hold the Released Parties harmless for any liability, including but not limited to, liability for interest and penalties, arising by reason of Toll not withholding additional income or payroll taxes with respect to the legal consideration given pursuant to the terms of this Agreement.

8. **Attorneys' Fees And Costs**.  In the event that the Released Parties are required to defend any lawsuit, administrative charge or complaint filed by or on behalf of the Plaintiffs in violation of Paragraph Nos. 5 or 6 of this Agreement, the Plaintiffs shall be liable to the Released Parties for all expenses (including discovery and other court costs and attorneys' fees) incurred in defending the same, regardless of the outcome of the litigation.  If the Released Parties are required to retain counsel to enforce the terms of this Agreement, the Plaintiffs shall be liable to the Released Parties for any attorneys' fees incurred by the Released Parties.

9. **Waiver of Reemployment**.  The Plaintiffs agree that they will not seek or accept employment or any other remunerative relationship with the Released Parties.  The Plaintiffs further agree that if any of them seeks any such employment, a rejection of that individual's application or inquiry will not constitute a breach of this Agreement or a violation of law.  If any of the Plaintiffs is inadvertently offered or given employment, the Released Parties may rescind such offer or terminate such employment at any time without cause, and Plaintiffs hereby waives any claims based upon such action on the part of the Released Parties.

10. **No Admission of Liability**. It is understood that the Parties have entered into this Agreement in order to avoid the substantial costs, risks, uncertainties and inconvenience of litigation. It is further understood that Toll denies that it has acted wrongfully toward the Plaintiffs and that execution of this Agreement does not constitute an admission by Toll that it has violated any law, statute, rule, regulation or ordinance of the United States, the State of Florida, or any county or municipality, or that it has breached any of its policies or practices, or that the Plaintiffs' claims are meritorious.

11. **Confidentiality**. This Agreement, and each and every provision hereof, shall be maintained in strictest confidence permissible by law, and this confidentiality agreement shall be binding upon the Plaintiffs, their successors, assigns, heirs, agents, attorneys and representatives. Except as set forth below, Plaintiffs, their successors, assigns, heirs, agents, attorneys and representatives shall not disclose the factual or legal allegations of the matters in controversy, or the underlying circumstances of the disputes, the amount of the settlement payment, or any other term of this Agreement to any other person or entity, expressly including, but not limited to, through the internet or the print or broadcast media. Notwithstanding the foregoing, it shall not be a breach of this provision to disclose the contents of this Agreement as may be strictly and absolutely necessary: (a) in the preparation of income tax returns or financial records; (b) necessary to satisfy the requirements of law; (c) in order to comply with this Agreement. Failure to abide by this provision will constitute a material breach of this Agreement.

12. **No Assignment**. The Plaintiffs hereby warrant that they have not assigned, sold, subrogated, transferred, conveyed or pledged as security to anyone any actions, causes of action, claims or demands that they now have or ever had against the Released Parties, and they hereby agrees to defend entirely at their own expense and to fully indemnify and forever hold the Released Parties harmless from and against any and all actions, causes of action, claims or demands that may

be brought against them, by anyone to whom any of the Plaintiffs has assigned, sold, subrogated, transferred, conveyed or pledged as security any such actions, causes of action, claims or demands, whether such are asserted by third-party complaint, cross-claim or otherwise, or whether such are asserted for indemnity, contribution or otherwise.

13. **Modifications to Agreement/Assignability/Choice of Law**. This Agreement may not be altered, amended, modified or terminated except by an instrument in writing executed by Plaintiffs and an authorized representative of Toll. The rights and obligations of each party under this Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of that party, and Plaintiffs consent to enforcement of any covenant herein by any such successor or assign. This Agreement will be construed in accordance with the laws of Florida, and the parties consent to the jurisdiction and venue of the federal and state courts in the State of Florida in connection with any claim or controversy arising out of, or connected with, this Agreement.

14. **Waiver of Term, Provision or Condition**. The waiver by any party of a breach of any provision of this Agreement by any other party shall not operate or be construed as a waiver of any subsequent breach of that or any other provision by said party.

15. **Severability**. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms and provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

16. **Section Headings**. The headings of the sections in this Agreement are inserted for convenience only and are not intended to be part of or affect the meaning or interpretation of this Agreement.

TPA 511,348,158v1 2-1-10

17. **Number of Copies**. This Agreement may be executed in any number of counterparts, and each counterpart, when executed, shall have the effect of a signed original. Photographic copies of such counterparts may be used in lieu of the original for any purpose.

18. **Entire Agreement**. This Agreement embodies the entire agreement of the parties respecting the subject matter set forth in this instrument. There are no promises, terms, conditions, or obligations other than those contained in this Agreement. This instrument supersedes all previous communications, representations, or agreements, either verbal or written, either express or implied, between the Parties.

19. **Preparation of Agreement**. This Agreement is the result of substantial negotiations and the combined efforts of all Parties and their respective attorneys. All Parties agree that should some question arise regarding interpretation of this Agreement, the question shall be resolved without regard to authorship of this document. Accordingly, the fact that one party or another may have drafted this Agreement or a portion thereof, is immaterial and this Agreement shall not be construed against any party.

20. **Compliance**. Plaintiffs are hereby advised to consult with an attorney prior to executing this Agreement. Plaintiffs affirm that they understand that, in accordance with the Older Workers Benefit Protection Act, they have been given twenty-one days to consider this Agreement. Plaintiffs agree that if they execute this Agreement less than twenty-one days after their receipt of it, they are voluntarily waiving their right to consider this Agreement for the twenty-one day period.

THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT AND KNOW AND UNDERSTAND THE CONTENTS THEREOF AND THAT THEY EXECUTED THE SAME AS THEIR FREE ACT AND DEED.

IN WITNESS WHEREOF, the Parties hereto set their hands and seals.

*[signature: Ronald Conn]*
RONALD CONN
Date: 2-2-10

TOLL BROS., INC.
*[signature]*
Its: SR VP-HR
Date: 2/15/10

CHRISTOPHER CARR

Date: _____

BRUCE BOCKHOLT

Date: _____

BABATUNDE ADESHINA

Date: _____

GARY LeTOURNEAU

Date: _____

IN WITNESS WHEREOF, the Parties hereto set their hands and seals.

                                                              TOLL BROS., INC.

_____        _____

**RONALD CONN**

Date: _____        Its: _____

                                                               Date: _____

*[signature]*
_____
**CHRISTOPHER CARR**

Date: *2-2-10*

_____

**BRUCE BOCKHOLT**

Date: _____

_____

**BABATUNDE ADESHINA**

Date: _____

_____

**GARY LeTOURNEAU**

Date: _____

Page 9 of 9

IN WITNESS WHEREOF, the Parties hereto set their hands and seals.

                                                                  TOLL BROS., INC.

_____              _____
**RONALD CONN**

Date: _____                  Its: _____

                                                                  Date: _____

_____
**CHRISTOPHER CARR**

Date: _____

*[signature]*
**BRUCE BOCKHOLT**

Date: 2-2-10

_____
**BABATUNDE ADESHINA**

Date: _____

_____
**GARY LeTOURNEAU**

Date: _____

IN WITNESS WHEREOF, the Parties hereto set their hands and seals.

                        TOLL BROS., INC.

_____    _____
**RONALD CONN**

Date: _____       Its: _____

                        Date: _____

_____
**CHRISTOPHER CARR**

Date: _____

_____
**BRUCE BOCKHOLT**

Date: _____

*[signature]*
_____
**BABATUNDE ADESHINA**

Date: 2/2/10

_____
**GARY LeTOURNEAU**

Date: _____

Page 9 of 9

IN WITNESS WHEREOF, the Parties hereto set their hands and seals.

                                                  TOLL BROS., INC.

_____        _____
**RONALD CONN**

Date: _____        Its: _____

                                                  Date: _____

_____
**CHRISTOPHER CARR**

Date: _____

_____
**BRUCE BOCKHOLT**

Date: _____

_____
**BABATUNDE ADESHINA**

Date: _____

*/s/ Gary LeTourneau/*
_____
**GARY LeTOURNEAU**

Date: 2-2-10